## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**FLORENCE GADDIS, et al.,**

        **Plaintiffs,**

-vs-                                                   **Case No.  3-:04-CV-255**

**GENERAL MOTORS CORPORATION,**

                                                          **Judge Thomas M. Rose**

        **Defendant.**

___

### ENTRY AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. #7) AND TERMINATING THE CASE
___

    This matter arises from an accident in which Plaintiff Florence Gaddis was driving an automobile manufactured by defendant General Motors Corporation ("GMC"). The accident occurred on June 3, 2002, and the other Plaintiff is Gary Gaddis, Florence's spouse.

    On June 3, 2004, the Plaintiffs filed a Complaint in the Court of Common Pleas of Montgomery County, Ohio. The Complaint was then removed to this Court by GMC on July 15, 2004.

    Following removal, the Plaintiffs participated in this Court's Preliminary Pretrial Conference on December 21, 2004. After issuance of this Court's Preliminary Pretrial Order on December 21, 2004 (doc. #6), the record and GMC's argument reflect no activity by the Plaintiffs.

    Now before the Court is GMC's Motion To Dismiss this matter pursuant to Fed.R.Civ.P. 41(b). (Doc. #7.) This Motion was filed on September 1, 2005 and there has been no response by the Plaintiffs. The time for response has run and the Motion is now ripe for decision.

Rule 41(b) permits dismissal "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed.R.Civ.P. 41(b). Courts are authorized to dismiss a complaint for failure to prosecute due to inaction or dilatoriness of a party. *Haydoo v. General Electric*, 30 F.3d 133, 1994 WL276895 at **6 (6th Cir. 1994), *cert. denied*, 513 U.S. 100 (1994). Finally, dismissal need not rest on one particular action but could result from a failure to prosecute where the drawn-out history of the litigation indicates that the plaintiff has deliberately proceeded in a dilatory fashion such as failing to file a pretrial statement, failing to prepare for a conference, failing to comply with the pretrial order, failing to respond to a show cause order, failing to provide the court with a change of address, failing to file necessary documents and failing to respond to a motion to dismiss. Id. at **6-7.

In this case, Plaintiffs have exhibited at least two of these failures. The Plaintiffs have failed to comply with the pretrial order because they have not provided GMC with a medical package, they have not proffered a settlement and they have not identified lay witnesses in accordance with the deadlines set in the pretrial order. The Plaintiffs have also failed to respond to the Motion To Dismiss that is now before the Court.

In sum, the record indicates that Plaintiffs have failed to prosecute the action that they brought by failing to comply with this Court's pretrial order and failing to respond to the Motion To Dismiss that is now before the Court. GMC's Motion To Dismiss is, therefore, GRANTED. Plaintiffs' Complaint is DISMISSED with prejudice pursuant to Rule 41(b). The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Tenth day of November, 2005.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record